# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GENEVIEVE H. LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:12-cv-01164-RCJ-CWH |
| vs. ) | |
| ) | |
| DEPUY ORTHOPAEDICS, INC. et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

This case arises out of the implantation of an allegedly defective artificial hip. Pending before the Court is Defendants' motion to stay and Plaintiff's motion to remand. For the reasons given herein, the Court grants the motion to stay and declines to rule on the motion to remand.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff Genevieve H. Lee sued five foreign corporations and one domestic corporation, Precision Instruments, Inc. ("PII"), in state court on twenty-five causes of action arising out of the implantation of an allegedly defective replacement hip. (*See generally* Compl., Mar. 9. 2012, ECF No. 1-1). Defendants removed, arguing that the sole non-diverse Defendant, PII, was fraudulently joined because all of the claims against it were preempted by federal law. Plaintiff has moved to remand, and Defendants have asked the Court to stay the case pending the Judicial Panel on Multidistrict Litigation's ("JPML") decision to transfer the case.

## II. ANALYSIS

Plaintiffs argue that PII is not fraudulently joined because as a detailer and distributor of the allegedly defective product, it is potentially strictly liable under Nevada law. Plaintiff points

to several similar cases from this District with differing outcomes and notes that any doubt should be resolved against federal jurisdiction. Defendants respond that unlike similar cases in this District, where the issue was whether the distributor of a defective product could be held strictly liable under Nevada law—an issue that Defendants appear to admit is unresolved in Nevada—here, the issue is whether the claims against the allegedly fraudulently joined Defendant are preempted by federal law. Specifically, Defendants note that PII is accused only of failure to warn, and that the warnings PII did make were mandated by federal law. More importantly, Defendants note that there is a MDL Case[1] pending before Judge Katz in the Northern District of Ohio over the artificial hips at issue, and that there are approximately eighty-five cases already transferred to the MDL case, as well as an additional twenty-five cases with conditional transfer orders, where defendants have made similar preemption-based fraudulent joinder arguments in support of removal and against motions to remand. Defendants argue that because the controlling jurisdictional question in all of the cases is based upon the same federal issue (preemption under the Supremacy Clause), it will be more efficient to stay the present case pending a ruling on the motion to transfer that Defendants intend to file with the JPML, so that—assuming the JPML transfers the present case—Judge Katz can rule on the jurisdictional issue in both this case and the other approximately 100 cases. Defendants argue this procedure is in the interest of both judicial efficiency and consistency.

        Plaintiffs respond that Judge Pro adopted a magistrate judge's recommendations to deny a stay and to grant a remand in a similar case.[2] Plaintiff also argues that because the motion to

---

[1] *In re DePuy Orthopaedics, Inc. ASR Hip Implant Products Liability Litigation*, MDL Case No. 2197. The present case has since been identified in a conditional transfer order ("CTO") in the MDL Case. Plaintiff has objected to the CTO.

[2] An examination of the ruling in that case shows that the remand motion was based upon an interpretation of Nevada strict liability law, not the federal preemption issue identified in the present case and the other cases transferred or conditionally transferred to the MDL Case. (*See*

1  remand challenges federal jurisdiction, the Court must decide that motion before deciding the

2  motion to stay, because if the Court has no jurisdiction, it cannot enter a stay.  The Court rejects

3  this argument.  The Court has the inherent authority to manage its own docket and to determine

4  whether it has jurisdiction.  The Court believes that the issuance of a stay for the purposes of

5  determining jurisdiction in a way that is most efficient for the federal courts is within the scope

6  of this power.

7       Plaintiff also argues that Judge Katz would have to apply the law of Nevada to decide the

8  fraudulent joinder issue, but as Defendants note, the issue in the present case is federal

9  preemption, not Nevada strict liability law as in other similar cases.  Here, it is more efficient,

10  and better avoids the risk of inconsistent results, for a single federal judge to decide the

11  preemption issue.[3]  Plaintiff will not be deprived of her choice of forum for any longer than

12  necessary, because there is no significant difference between the time it will take for the JPML to

13  rule on the objections to the CTO and Judge Katz thereafter to rule on the motion to remand, than

14  it would take for the Court to rule on the motion to remand directly.

## CONCLUSION

16      IT IS HEREBY ORDERED that the Motion to Stay (ECF No. 9) is GRANTED.

17      IT IS SO ORDERED.

18  Dated this 8th day of October, 2012.

_____
ROBERT C. JONES
United States Chief District Judge

23  Findings and Recommendation No. 28 in Case No. 2:11-cv-634-PMP-GWF, ECF No. 10-1).

24    [3]Plaintiff argues that Defendants' preemption argument is baseless, but whatever the outcome on the merits, it is more efficient for a single federal judge to decide the preemption
25  issue in a single stroke in these many cases.